### John H. Dupont v. Josiah Payton.

A vendor of land is not liable to damages, at the suit of the purchaser, for representing, at the time of the sale, that the land is worth more than its true value.

Where the purchaser of land alleged that the vendor, before the purchase, falsely represented that the land had previously been put up at auction and a *bona fide* bid made for it at a certain sum; *held,* that evidence that its real value was an amount less than such sum, was not competent to impeach the statement of a witness that such bid was in fact made as represented.

This cause was tried before DALY, J., and a jury, and resulted in a verdict and judgment in favor of the plaintiff,

upon a promissory note, for $857 55. The defence, and the questions arising upon the testimony offered to sustain it, appear in the opinion.

*Charles Henry Smith* and *Henry S. Dodge*, for the defendant, argued the following points:

*First.* The appellant submits that the judgment and order of the special term ought to be reversed, and a new trial ordered, because of the error of the learned judge at the trial in excluding the evidence offered. 1. The defence alleged in the answer, and attempted to be proved at the trial, was, that the plaintiff had falsely and fraudulently represented that the lot, for part of the purchase money of which the note in suit was given, was of the value of $3,000, and that it had been put up at auction and obtained a *bona fide* bid for $2,750. The reply admits the making of the representations, (except that it alleges the bid was struck at $2,700,) and avers their truth. · On the trial the defendant proved the conveyance to him of the lot, and proved that the property was put up at auction, and *bid in* by the plaintiff's agent at $2,800. The court ruled that this was sufficient *prima facie* evidence of the falsity of the representation of the bid, and by leave of the court the defendant's evidence, as to the actual value of the premises, was reserved until the plaintiff had called testimony as to the truth of the representation. The plaintiff called his agent, Wilkey, and after his testimony, the offer was made, which was rejected. It is submitted that the ruling cannot be supported, because, by preventing the defendant from showing *damage* by the representation, it excluded from the jury questions of *fact*, on which the defendant had a right to go to them, *i. e.:* 1. The accuracy or credibility of Wilkey. 2. Whether the proof showed a real bidder. On the first question, Wilkey had sworn positively to a different bid in the reply, and his whole cross-examination was a fair subject of comment to the jury. He prevaricated as to the bidder and as to the letter from

the plaintiff; first he had it there, and then he could not find it. How can it be said that if it were clearly proved that the value was $2,000, a jury would not have found that Wilkey's story about a *bona fide* bid was not to be credited?

*Second.* A false representation by a man in California, of the *market price* of land in New York, is actionable. (See *Bowring* v. *Stevens*, 2 C. & P. 337, S. C. 3 B. & C. 623; *Sanford* v. *Handy*, 23 Wend. 260, 269; *Warner* v. *Daniels*, 1 Mood. & M. 91; *Veazie* v. *Williams*, 8 Howard U. S. R. 134, 154.)

But no question can be raised here to the contrary, as the cause was tried on this basis; and it cannot now be put on another ground, as that would deprive the defendant of the benefit of any exception that he might have taken, and any evidence he might have produced if that ruling had been made at the trial.

*James Gridley* and *Chauncey Shaffer*, for the plaintiff:

The answer seeks to recoup damages, on the ground that the plaintiff fraudulently represented to the defendant that the land for which the note in suit was given, " was of the worth and value of $3,000, and that it had lately been put up at auction in the city of New York, on his behalf; and that an actual and *bona fide* bid had been then and there made for such lot to the amount of $2,750." The reply admits and says, that the plaintiff represented the said land to be worth, as he believed, the sum of $3,000, and that it had then lately been put up at auction, in the city of New York, on his behalf, and that an actual *bona fide* bid had been then and there made for such lot to the sum of $2,700. The defendant gave no evidence whatever of any warranty or representation made by the plaintiff. The reply, therefore, prevails as to representations, from which it appears—

1st. That the plaintiff merely expressed an opinion as to the value of the lot.

2d. That he represented a *bona fide* bid to have been made of $2,700, at the city of New York; and this was proved true, because a bid of $2,750 had been made.

I. The judge ruled correctly, and for the reasons expressed and implied: 1st. The plaintiff had merely expressed his opinion as to the value of the land. 2d. No fraud or breach of warranty had been proved; and until one or the other is proved, there is no foundation for damages, or in other words, no foundation for recoupment. (*Batterman* v. *Pierce et al.*, 3 Hill, 171; *Van Epps* v. *Harrison*, 5 Ib. 63.) 3d. The expression of an opinion *merely*, amounts to neither a warranty nor a fraud. 4th. The defendant had been in New York city three or four months after the alleged representations of the plaintiff, and then insisted on having his deed of the property; why did he so insist, unless he was of the opinion, as well as the plaintiff, that the property was worth $3,000?

II. The defendant had only proved the representations of the plaintiff true; and his second point was not applicable to this case. No fraud can be imputed to the plaintiff.

III. It was urged by the defendant that he was entitled to the proffered evidence, for the purpose of impeaching the witness, Wilkey. This cannot be considered as competent evidence for the purposes of impeachment. The way to impeach a witness is—1st. By disproving his statements; 2d. By proof of his bad character; 3d. By proof of contradictory statements; 4th. By comparing his evidence with his deposition. (1 Phil. Ev. 291, 292, 293, and case cited.)

IV. Admitting that it had been incontestably proved that the lot was worth but $2,000, what result would have followed? The court would have been compelled to order a verdict for the the plaintiff, or in the event of a verdict for the defendant, a new trial would have been granted; because the defendant had proved a bid of $2,750, and he had not proved that the bid was not *bona fide*, nor any thing tending to establish that fact; the *onus* in that respect was on the defendant.

Dupont *v.* Payton.

BY THE COURT. INGRAHAM, FIRST J.—This action was brought to recover a promissory note given in part payment of a lot of land sold by the plaintiff to the defendant.

The answer sets up, as a defence, fraud in the sale, and claims to recover damages therefor. The alleged fraud is, that the plaintiff represented that the lot was worth $3,000; that it had been put up at auction in New York, and a *bona fide* bid had been made therefor to the amount of $2,750. The plaintiff admits the statement as to value, and that the lot was put up at auction; but alleges that he represented that the amount bid was $2,700. ·

Upon the trial the plaintiff proved that it was put up at auction, and proved, also, a *bona fide* bid for $2,750.

The defendant then offered to show that the value of the property at the time of the agreement was only $2,000. This was excluded, and the defendant excepted.

It is well settled, that a representation as to the value of land, is but the mere expression of opinion, for which an action for fraud cannot be sustained. (*Handy* v. *Sanford*, 23 Wend. 268.)

So far as such representation is averred, it was immaterial, and the offer of the defendant to show that the value of the lot, at the time, was only $2,000, was equally immaterial, and was properly excluded by the judge upon the trial.

The other allegations as to the fraud had failed by testimony showing that the representations were true. The defendant did not offer any testimony to contradict the plaintiff's evidence, and it would have been of no avail to go into the examination of witnesses as to their opinions of the value of the lot in question. The plaintiff had stated *his* opinion at the time of sale; the witnesses could only have stated *their* opinions. Such estimates of value can never furnish a foundation for an action for deceit.

The position of the defendant's counsel, that evidence of the actual value of the property, was admissible to impeach Wilkey's statement that a *bona fide* bid for a greater sum was in fact made, is not tenable.

The evidence offered was properly excluded, and the judgment should be affirmed.

Judgment affirmed.